UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE RAMIREZ-PONCE,

     Petitioner,

-vs-                                     Case No.  8:05-cv-2111-T-27MAP

SECRETARY, DEP'T OF CORRECTIONS,

     Respondent.

_____/

### O R D E R

     Before the Court is a petition for writ of habeas corpus (hereinafter "petition") filed by an inmate in a Florida penal institution *pro se* pursuant to 28 U.S.C. § 2254 challenging a sentence entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida (Dkt. 1). Petitioner's challenge relates to his 2002 conviction for trafficking in cocaine. Respondent filed a response to the petition (Dkt. 6), and Petitioner filed a reply to the response (Dkt. 11). The matter is now before the Court for consideration on the merits of the petition.

### Background

     On August 8, 2000, Petitioner was charged by Information with trafficking in cocaine, more than 400 grams and less than 150 kilograms (Dkt. 8, Ex. 15 at 9-11). On January 24, 2002, a jury found Petitioner guilty as charged (Id. at 82). Petitioner was sentenced to twenty (20) years imprisonment (Id. at 91-93).

     Petitioner filed a direct appeal. On February 21, 2003, the appellate court per curiam affirmed Petitioner's conviction and sentence (Dkt. 8, Ex. 3); *Ramirez-Ponce v. State*, 843 So. 2d 272 (Fla. 2d DCA 2003)[table].

On October 23, 2003, Petitioner filed a Motion for Post Conviction Relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 8, Ex. 6). Therein, Petitioner claimed his trial counsel was ineffective because: 1) he failed to inform Petitioner that he could plead guilty and "throw himself on the mercy of the court;" 2) he refused to allow Petitioner to listen to the audio surveillance tapes regarding the drug transaction; 3) he failed to have the audio tapes enhanced; and 4) he failed to present an adequate motion for judgment of acquittal (Id.). On October 29, 2003, the state court summarily denied Petitioner's 3.850 motion (Dkt. 8, Ex. 5). Petitioner appealed the denial of his 3.850 motion. On May 21, 2004, the appellate court per curiam affirmed the denial of Petitioner's 3.850 motion. *Ramires-Ponce v. State*, 875 So. 2d 617 (Fla. 2nd DCA 2004)[table].

On June 23, 2004, Petitioner filed in the Court of Appeal, Second District of Florida, a petition for writ of habeas corpus claiming ineffective assistance of appellate counsel (Dkt. 8, Ex. 8). Specifically, Petitioner asserted that his appellate counsel, who was also his trial counsel, had a conflict of interest which resulted in his failing to raise on appeal his failure to object to an error at trial, the trial court's failure to instruct the jury on lesser included offenses, which was apparent from the face of the record (Id.). On November 1, 2004, the Second District Court of Appeal denied Petitioner's state habeas petition (Dkt. 8, Ex. 11).

On February 9, 2005, Petitioner filed a second Motion for Post Conviction Relief in which he asserted that trial counsel was ineffective for failing to argue that the State had failed to prove that Petitioner had been in possession of the amount of cocaine necessary for a finding that Petitioner was trafficking in cocaine of more than 400 grams (Dkt. 8, Ex. 12). On February 17, 2005, the state court dismissed Petitioner's second post conviction motion as successive and an abuse of process (Dkt. 8, Ex. 13). On August 3, 2005, the appellate court affirmed the state

court's dismissal of Petitioner's second post conviction motion. *Ramires-Ponce*, 911 So. 2d 112 (Fla. 2d DCA 2005) [table].

Petitioner filed a timely petition for federal habeas relief on November 13, 2005,[1] raising one claim for relief:

1.  His trial counsel was ineffective for failing to argue during his motion for judgment of acquittal that the State failed to prove that Petitioner was in possession of the requisite amount of cocaine because the evidence showed that the detective illegally combined the cocaine with other seized cocaine.

In response, Respondent asserts that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e), and that Petitioner's claim is procedurally barred. Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, the Court agrees.

### Evidentiary Hearing

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. *See Smith v. Singletary*, 170 F3.d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the record before the Court. *See Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992). Thus, no additional evidentiary proceedings are required. *See High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

### Standard of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be

---

[1]Although the Court received Petitioner's petition on November 16, 2005, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner provided his petition to prison officials for mailing on November 13, 2005 (Dkt. 1 at 1).

highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Standard for Procedural Default/Procedural Bar

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Haley*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd*

4

*v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d at 735

("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to

the state courts in order to give the State the opportunity to pass upon and correct alleged

violations of its prisoners' federal rights.") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state

remedies that are no longer available, that failure is a procedural default which will bar federal

habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice

exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of

procedural default was developed as a means of ensuring that federal habeas petitioners first seek

relief in accordance with established state procedures." *Henderson v. Haley*, 353 F.3d at 891

(quoting *Judd v. Haley*, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances.

First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows

both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily

requires petitioner to demonstrate that some objective factor external to the defense impeded the

effort to raise the claim properly in the state court. *Henderson v. Haley*, 353 F.3d at 892; *Marek*

*v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," Petitioner must show

"not merely that the errors at his trial created a possibility of prejudice, but that they worked to

his factual and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v.*

*Frady*, 456 U.S. 152, 170 (1982). Petitioner must show that there is at least a reasonable

probability that the result of the proceeding would have been different. *Henderson v. Haley*, 353

F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Haley*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

### Discussion

Petitioner's claim that his trial counsel was ineffective for failing to argue that the State failed to prove he was in possession of the requisite amount of cocaine is procedurally barred because it was raised in a procedurally incorrect manner in state court.  Petitioner should have

raised this claim along with the other ineffective assistance of counsel claims that he raised in his first 3.850 motion. The state trial court properly dismissed Petitioner's claim, which was raised in his second 3.850 motion, as successive and an abuse of process (Dkt. 8, Ex. 13).[2]  The Second District Court of Appeal affirmed the trial court's order. Thus, Petitioner's claim has been procedurally defaulted, and is barred from federal review. *See, Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

Moreover, Petitioner has not argued nor demonstrated cause and prejudice to overcome the procedural default and has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of this claim.

Finally, even if Petitioner's claim was not procedurally barred, the claim would not merit habeas corpus relief. Petitioner's trial counsel moved the court to exclude the State's evidence, and he extensively argued that the State failed to prove that the cocaine contained in the State's exhibits was the cocaine Petitioner gave to the detective, that the detective's testimony did not establish that the State's exhibits were the bags of cocaine that Petitioner gave to the detective, and that Petitioner was entitled to a judgment of acquittal because of the State's failure to establish that the cocaine in the State's exhibits was Petitioner's (Dkt. 8, Ex. 15, transcript pages 402-416). Following argument by counsel, the state trial court denied both the motion to exclude the evidence and the motion for judgment of acquittal (Id. at 417-418). Accordingly, Petitioner fails to demonstrate deficient performance by counsel or prejudice.

---

[2]See, Fla. R. Crim. P. Rule 3.850(f) which states "[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules."

## Conclusion

For reasons set forth *supra*, the Court finds that Petitioner has not demonstrated that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _December 17th_, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copy to: All Parties/Counsel of Record

8